UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CAROLINE BURLEY CAPUTO,

        Plaintiff,

-vs-                                     Case No.  5:07-cv-85-Oc-10GRJ

UNITED STATES OF AMERICA - U.S.
POSTAL SERVICE,

        Defendant.

_____

## O R D E R

This case is before the Court for consideration of the Defendant's Motion to Dismiss (Doc. 5), to which the Plaintiff has responded (Doc. 9).  The motion to dismiss is ripe for review and due to be granted.

On March 9, 2007, the Plaintiff filed her Complaint, in which she alleged a claim of negligence under the Federal Tort Claims Act ("FTCA").  In her Complaint, the Plaintiff, a former contract laborer for the Defendant, alleged that on March 10, 2005 the Defendant provided her with a defective stool to sit on while she performed her job, and that the stool slipped out from under her and she fell and injured herself.

On August 24, 2006, the Plaintiff's counsel sent to the Defendant a letter titled, "Notice of Claim."  In that letter, the Plaintiff's counsel described the general circumstances of the alleged incident, listed generally the Plaintiff's alleged injuries as well as the her medical providers, and stated that: "We are in the process of gathering all medical records

and bills.  Once we are in receipt of same, we will forward a formal demand for your review and consideration."  The Plaintiff's letter did not contain a claim for money damage in a sum certain.  Receiving no written reply from the Defendant, the Plaintiff sent to the Defendant a letter titled "2nd Notice of Claim."  That letter was substantially similar to the first letter.  On September 13, 2006, the Defendant sent to the Plaintiff a letter acknowledging the receipt of the Plaintiff's second letter.  In its short letter, the Defendant noted, among other things, that "the provisions of the Federal Tort Claims Act will apply to the processing of all claims."

No further communication occurred until March 6, 2007, four days before the expiration of the two-year limitations period.  On that date, the Plaintiff sent to the Defendant a letter that stated:

> We have not received any response or denial to the 2nd notice of claim submitted September 7, 2006.  Please advise if any additional investigation is necessary or provide the denial letter for incorporation into the jurisdictional provisions of the anticipated complaint.  A copy of the 2nd notice of Claim is attached.

On March 7, 2007 in response to the inquiry, the Defendant sent to the Plaintiff a letter that stated in part as follows: "At this time, I am forwarding to you Standard Form 95, Claim for Damage, Injury or Death, which can be used to file a Tort Claim against the United States Postal Service.  This form must be filled out completely and submitted with supporting documentation before this paperwork will constitute a valid claim."  The Defendant also advised the Plaintiff of the pending two-year statute of limitations.

On March 8, 2007, the Plaintiff sent to the Defendant a letter titled "3rd Notice of Claim," which again was substantially similar to the first two "notices of claim." In a written response sent on March 9, 2007, the Defendant informed the Plaintiff that, "Unfortunately, this cannot be accepted as a valid claim." Again, the Defendant directed the Plaintiff to provide a completed Form 95 and supporting documentation within the limitations period. The Plaintiff did not make any further written communication with the Defendant. Instead, on March 10, 2007, the Plaintiff filed her Complaint.

The Eleventh Circuit has stated unambiguously that: "A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency." Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994) (citing 28 U.S.C. § 2675(a)). An individual will be deemed to have met that requirement if the claimant: "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." Adams v. United States, 615 F.2d 284, 289 (5th Cir. 1980); see 28 C.F.R. § 14.2(a) (the claim must be "accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident"). "When the sum certain is omitted, the administrative claim fails to meet the statutory prerequisite to maintaining a suit against the government, and leaves the district court without jurisdiction to hear the case." Suarez, 22 F.3d at 1065; see Adams, 615 F.2d at 290 ("Noncompliance with section 2675 deprives a claimant of federal court jurisdiction over his or her claim.").

3

In her response in opposition to the Defendant's motion to dismiss, the Plaintiff relies primarily upon Adams, most likely because the court in that case ultimately allowed the plaintiff's case to proceed against the agency.  However, in addition to stating the rule that a plaintiff must "place a value on her claim," the Court in Adams expressly noted that "we read section 2675 as requiring by its own terms that a claimant place a dollar amount on his damages."  Adams, 615 F.2d at 292 n.15; see also id. at n. 16.  Further, while it is true that the court in Adams allowed the plaintiff's action to proceed, the Court premised its decision on grounds unrelated to the issue now under consideration, as the Fifth Circuit made clear in its order denying  motion for rehearing.  See Adams v. United States, 622 F.2d 197, 197 (5th Cir. 1980).

Here, it is undisputed that the Plaintiff failed to include in any of her three "notices of claim" a request for money damages in a sum certain.  Therefore, the Plaintiff did not file a valid claim and exhaust her administrative remedies.  As a result, this Court is deprived of jurisdiction over her claims.  And, unfortunately, because the Plaintiff filed her Complaint on the last day of the limitations period and did not submit a valid claim during that period, the Plaintiff's claim is barred by the two-year statute of limitations and she cannot now attempt to file a claim with the appropriate agency and exhaust her administrative remedies.  Thus, the Plaintiff's claim is due to be dismissed with prejudice.

Accordingly, upon due consideration, the Defendant's Motion to Dismiss (Doc. 5) is GRANTED and the Plaintiff's Complaint is DISMISSED with prejudice.  The Clerk is directed to close the case and terminate any pending motions.

4

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 17th day of July, 2007.

_____

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy